UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00804-BRO (KK) | Date | June 21, 2017 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**     (IN CHAMBERS)

## ORDER RE PLAINTIFFS' MOTION TO REMAND [22]

### I.   INTRODUCTION

Pending before the Court is Plaintiffs Teri Ann and Gerald E. Kapanoske's ("Plaintiffs") Motion to Remand.  (*See* Dkt. No. 22 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiffs' Motion.

### II.   BACKGROUND

#### A.   Factual Background

Plaintiffs own the property located at 2950 Glenwood Circle, Corona, California in the County of Riverside (the "Subject Property").  (*See* Dkt. No. 16 (hereinafter, "FAC") ¶ 3.)  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association ("NBA").  (Dkt. No. 1 (hereinafter, "Removal") at 3; *see also* FAC ¶ 4.)  Defendant NBS Default Services, LLC ("Defendant NBS"), is a limited liability company.[1]  (Removal at 4.)

On March 4, 2003, Plaintiffs purchased the Subject Property.  (FAC ¶ 10.)  Plaintiffs executed a promissory note and a deed of trust in the amount of $300,000 with World Savings Bank, FSB ("WSB").  (*See* FAC ¶ 64; *see also* Removal at 7.)  Plaintiffs'

---

[1] The Court will refer to Wells Fargo and Defendant NBS collectively as "Defendants."

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00804-BRO (KK) | Date | June 21, 2017 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

loan with WSB was a conventional thirty-year mortgage with a fixed interest rate of 6.5% and a monthly payment of $1,896.21. (Declaration of Teri Ann Kapanoske (Removal, Ex. B at 57) ¶ 6.) On or about December 20, 2005, based on advice from WSB, Plaintiffs refinanced their mortgage and executed a promissory note and deed of trust in the amount of $500,000. (Removal at 7.) Effective December 31, 2007, WSB changed its name to Wachovia Mortgage, WSB ("Wachovia"). (Removal at 3.) In 2009, Wells Fargo acquired Wachovia. (*Id.*)

On or about June 1, 2010, Plaintiffs received a "step-rate loan modification" from Wells Fargo. (Removal at 7.) After making payments for three years, Plaintiffs suspected their payments were being misapplied because their loan balance did not decrease, while their monthly payments continued to increase. (Removal at 7–8.) In fall of 2014, Plaintiffs contacted Wells Fargo to resolve these discrepancies and prevent loan default. (Removal at 8.) Wells Fargo allegedly instructed Plaintiffs to cease making payments and remain in default so that Wells Fargo could review their account and provide a loan modification. (*Id.*; FAC ¶ 14.) However, in early 2015, Wells Fargo allegedly denied their request for a loan modification because Wells Fargo claimed that Plaintiffs' income was too low to afford their home. (Removal at 8; *see also* FAC ¶ 15.) At the time, Plaintiffs were approximately $27,000 in arrears on their payments. (FAC ¶ 16.) According to Plaintiffs, Wells Fargo then demanded full payment to make their loan current. (FAC ¶ 15.)

On or around March 2015, Plaintiffs applied for foreclosure prevention assistance from Keep Your Home California ("KYHC"). (FAC ¶ 17.) Plaintiffs allege that Wells Fargo confirmed Plaintiffs' participation in the KYHC program for loan reinstatement assistance. (*Id.*) Further, Plaintiffs claim that Wells Fargo knew KYHC only provided reinstatement assistance for amounts up to $50,000. (FAC ¶ 18.) In November 2015, KYHC approved Plaintiffs' eligibility for assistance. (FAC ¶ 19.) However, Plaintiffs further aver that Wells Fargo purposefully increased Plaintiffs' reinstatement amount to exceed KYHC's $50,000 limit. (*See* FAC ¶ 22.) Thus, on or about December 23, 2015, a Wells Fargo representative told Plaintiffs that KYHC denied them assistance because Plaintiffs' past due balance of $55,737.86 exceeded $50,000. (FAC ¶¶ 20–21.) On or about February 16, 2016, Defendants recorded a Notice of Default. (FAC ¶ 28.) On or about May 23, 2016, Defendants filed a Notice of Trustee's Sale. (FAC ¶ 29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

### B. Procedural History

On May 27, 2016, Plaintiffs filed a complaint against Defendants in the Superior Court of California, County of Riverside. (*See Terri* [sic] *Ann Kapanoske et al. v. Wells Fargo Bank, N.A. et al.* (hereinafter, "*Kapanoske I*"), No. 16-cv-0512-BRO-KK, ECF No. 1, Ex. A; *see also* FAC ¶ 30.) Defendants removed the action to this Court on July 11, 2016. (*Kapanoske I*, ECF No. 1.) On August 10, 2016, Plaintiffs filed a motion to remand, (*Kapanoske I*, ECF No. 14), which the Court denied on September 9, 2016, (*Kapanoske I*, ECF No. 34). Defendants filed a Motion to Dismiss on August 25, 2016, (*Kapanoske I*, ECF No. 26), which the Court granted on September 30, 2016, (*Kapanoske I*, ECF No. 41). The Court held the majority of Plaintiffs' claims were preempted by the Home Owners Loan Act, and dismissed Plaintiffs' preempted claims with prejudice. (*See id.*; *see also* FAC ¶ 31.) Though the Court dismissed Plaintiffs' breach of contract claim without prejudice, (*see Kapanoske I*, ECF No. 41), Plaintiffs never amended their complaint to reassert their breach of contract claim, (*see* FAC ¶ 32). They opted, instead, to pursue informal resolution directly with Defendants. (*Id.*)

On March 21, 2017, Plaintiffs filed another Complaint in the Superior Court of California, County of Riverside. (*See* Removal, Ex. A (hereinafter, "Compl.").) On April 26, 2017, Defendant Wells Fargo removed the action, invoking this Court's diversity jurisdiction. (*See* Removal.) On May 26, 2017, Plaintiffs filed the instant Motion. (*See* Mot.) On June 5, 2017, Wells Fargo opposed the Motion. (*See* Dkt. No. 27 (hereinafter, "Opp'n").) As of today's date, Plaintiffs have not replied.

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess jurisdiction only as authorized by the Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court only if the action could have been brought there originally. This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds that it lacks jurisdiction at any time, the court must remand the action. *See* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV.  DISCUSSION

Plaintiffs contend that removal was improper in this case for two reasons: (1) Defendants have failed to show complete diversity between Plaintiffs and Defendants, (Mot. at 2–5); and, (2) Defendants have failed to show the amount in controversy exceeds $75,000,[2] (Mot. at 10). The Court will discuss each argument in turn, and for the following reasons, the Court disagrees with Plaintiffs.

### A.  Whether There is Complete Diversity Between Plaintiffs and Defendants

Plaintiffs first argue that Defendants have not established complete diversity of citizenship. (*See* Mot. at 5–10.) As explained below, the Court disagrees.

#### 1.  Plaintiffs' Citizenship

For diversity jurisdiction purposes, an individual's citizenship is determined by where the individual is domiciled. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual's domicile is his or her permanent home, where the

---

[2] Plaintiffs' Motion is nearly identical to the motion to remand Plaintiffs' filed and the Court denied in *Kapanoske I*. (*Compare Kapanoske I*, ECF No. 14 *with* Mot.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00804-BRO (KK) | Date | June 21, 2017 |
|---|---|---|---|
| Title | TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL. | | |

individual resides with the intention to remain or to where he or she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Here, Plaintiffs are residents of Riverside County, California, (*see* FAC ¶ 9), and there is no evidence before the Court that Plaintiffs intend to leave the state. Moreover, Plaintiffs appear to concede that they are California citizens. (*See* Mot.) Accordingly, the Court finds that Plaintiffs are domiciled in, and citizens of, California. *See Mouri v. Bank of N.Y. Mellon*, No. EDCV 14-01643-VAP (DTBx), 2014 WL 12577164, at *4 (C.D. Cal. Dec. 9, 2014) (holding that plaintiff was a citizen of California where her intent to remain in California was indicated by the fact that she lived in a California property for nine years and brought the action to enjoin the foreclosure sale of the California property).

### 2. Defendant Wells Fargo's Citizenship

Defendant Wells Fargo is an NBA with its main office located in Sioux Falls, South Dakota. (Removal at 3 & Ex. G.) An NBA's citizenship is governed by 28 U.S.C. § 1348, which provides "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317–19 (2006), the Supreme Court analyzed the definition of "the States in which they are respectively located," and concluded that for the purposes of diversity jurisdiction, a bank is considered a citizen of "the State designated in its articles of association as its main office." *Id.* at 318. The Ninth Circuit has since clarified that an NBA is deemed a citizen "*only* of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (emphasis added). Wells Fargo's Articles of Association indicate that its main office is located in Sioux Falls, South Dakota. (*See* Removal, Ex. G.) Thus, Wells Fargo is a citizen of South Dakota. *See Rouse*, 747 F.3d at 715 (determining that Wells Fargo was a South Dakota citizen).

Plaintiffs argue that they are suing Wells Fargo in its capacity as a trust, and thus, the Court must consider the citizenship of the trust beneficiaries. (Mot. at 5–8.) Plaintiffs' contention has no merit. Plaintiffs made a similar argument in their motion to remand in *Kapanoske I*. (*See Kapanoske I*, ECF No. 14 at 5–8.) As this Court noted when deciding that motion, (*see Kapanoske I*, ECF No. 34 at 5 n.3), Plaintiffs provide no support for the proposition that a party's citizenship should not be determined based on the business form under which it is organized. Instead, Plaintiffs again rely on *Americold*

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

*Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015–16 (2016), in which the Supreme Court held that for the purposes of diversity jurisdiction, a trust's members include its shareholders. (Mot. at 6.) However, in *Americold*, the plaintiffs had clearly named a trust as a defendant. *See Americold*, 136 S. Ct. at 1015–16. Here, Plaintiffs have named Wells Fargo, who, as addressed above, is an NBA, not a trust.[3] (*See* FAC.; *see also* Removal at 3 & Ex. G). Thus, *Americold* is inapposite. Plaintiffs also cite *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), (*see* Mot. at 6–7), in which the Supreme Court held that the citizenship of an artificial entity should be determined by the citizenship of its members. However, *Arkoma* addressed the citizenship of a limited partnership. *See id.* at 1016. But here, again, Wells Fargo is an NBA, not a limited partnership; thus, Wells Fargo's citizenship is determined by where its main office is located. *See Rouse*, 747 F.3d at 715. Accordingly, the Court finds that Wells Fargo is a citizen of South Dakota and is diverse from Plaintiffs.

### 3. Defendant NBS's Citizenship

Defendant NBS is a limited liability company ("LLC"). (Mot. at 8; Opp'n at 4.) To determine an LLC's citizenship, the Court examines the citizenship of each of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants provide evidence that Defendant NBS has a single member, a corporation, named NBSC Group Holdings, Inc. (Removal at 5; Opp'n at 4; *see also* Declaration of James B. Cloud (Removal, Ex. H) (hereinafter, "Cloud Decl.") ¶ 1; Declaration of Luke Madole (Removal, Ex. H) (hereinafter, "Madole Decl.") ¶ 1; Declaration of Lawrence J. Buckley (Removal, Ex. H) (hereinafter, "Buckley Decl.") ¶ 1.) Plaintiffs claim that both Defendant NBS and NBSC Holdings have other members who are California citizens. (*See* Mot. at 9.) Specifically, Plaintiffs identify six individuals and contend that they "do not have further information on these individuals to be [able to] determine their separate citizenship." (*Id.*) Plaintiffs provide no support for the assertion that these individuals are members of Defendant NBS, however, and, as noted above, Defendants have provided evidence to the contrary. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it has been incorporated and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). NBSC Group

---

[3] In fact, Plaintiffs' First Amended Complaint explicitly names "Wells Fargo Bank, N.A." as a defendant and alleges that Wells Fargo "is a national bank." (FAC ¶ 4.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

Holdings is incorporated in Delaware and has its principal place of business in Texas. (Removal at 5; *see also* Cloud Decl. ¶ 1; Madole Decl. ¶ 1; Buckley Decl. ¶ 1.) Therefore, NBSC Group Holdings is a citizen of Delaware and Texas. As NBSC Group Holdings is Defendant NBS's only member, it is a citizen of the same states. *See Johnson*, 437 F.3d at 899. Accordingly, the Court finds that Defendant NBS is also diverse from Plaintiffs.

Therefore, because Plaintiffs are citizens of a different state than both Defendants, the Court finds that the diversity of citizenship requirement is satisfied.

### B.     Whether the Amount in Controversy is Sufficient

Plaintiffs next argue that Defendants have failed to establish that the amount in controversy exceeds the $75,000 jurisdictional minimum. (*See* Mot. at 10–13.) For the following reasons, the Court again disagrees.

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). When, as here, "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is a "preponderance of the evidence."[4] *Id.* A "preponderance of the evidence" requires that the defendant establish that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *See id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

When a plaintiff seeks injunctive or declaratory relief to prevent foreclosure, some courts have held that the amount in controversy is measured by the value of the property, while others have held that the amount in controversy is measured by the amount of the

---

[4] Plaintiffs contend that they affirmatively limit the damages they seek in order to defeat jurisdiction. (*See* Mot. at 11.) Neither Plaintiffs' original Complaint nor their FAC includes any such affirmative limitation, however.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

plaintiff's indebtedness on the underlying loan.[5] *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2010 WL 2629785, at *5–6 (N.D. Cal. June 29, 2010) (explaining that courts are split on how to measure the amount in controversy). The Court need not decide which is the appropriate measure of the amount in controversy because, regardless of the proper method, both values exceed the $75,000 jurisdictional minimum here. First, Defendants present evidence that the Riverside County Assessor's office assessed the value of the Subject Property at $530,786 as of January 1, 2016. (Removal at 9; *see also* Removal, Ex. D.) Thus, using the value of the Subject Property, the amount in controversy exceeds the $75,000 jurisdictional minimum. *See Chapman*, 651 F.3d at 1045 n.2 (finding that the amount-in-controversy requirement was satisfied in a quiet title

---

[5] When determining the amount in controversy of a wrongful foreclosure action, some courts have distinguished between situations in which a plaintiff requests a loan modification and seeks only temporary injunctive relief—in which case the property is not the subject of the litigation—from situations in which a plaintiff seeks a permanent injunction and the primary purpose of the action is to prevent the sale of the property—in which case the property *is* the primary subject of litigation. *Compare Roman v. Bank of Am., N.A.*, No. 15-4344 FMO (JEMx), 2015 WL 4537468, at *2 (C.D. Cal. July 27, 2015) (finding that the plaintiffs sought only temporary injunctive relief lasting until the defendant cured the underlying violation of state statutory foreclosure law and thus, the property was not the primary purpose of the litigation) *with McNeely v. Wells Fargo Bank, N.A.*, No. SACV 11-01370 DOC (MLGx), 2011 WL 5320997, at *4 (C.D. Cal. Nov. 1, 2011) (finding that because plaintiff sought permanent injunctive relief to prevent a foreclosure sale, the property and the mortgage were the subject of the lawsuit). Even assuming this distinction is appropriate, cases determining that the property is not the subject of the litigation address situations where a plaintiff seeks to enjoin "foreclosure temporarily to afford time to remedy alleged statutory violations related to a pending loan modification request." *Perryman v. JPMorgan Chase Bank, N.A.*, No. 1:16-cv-00643-LJO-SKO, 2016 WL 4441210, at *5 (E.D. Cal. Aug. 23, 2016). Here, Plaintiffs do not appear to seek temporary injunctive relief pending the remedy of statutory violations regarding their underlying loan modification request; rather, it appears that Plaintiffs' seek to permanently enjoin the foreclosure of their home. (*See, e.g.*, FAC ¶¶ 2, 73, 84 (seeking "injunctive relief enjoining [Wells Fargo] and its agents from foreclosing Plaintiffs' property"); *see also* FAC at 21 (Prayer for Relief) (requesting "an injunction enjoining defendants from conducting further foreclosure activity in particular conducting a Trustee's Sale of the Subject Property").) Thus, the Court finds that the Subject Property is the primary subject of this litigation and its value is the appropriate measure of the amount in controversy. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) ("[T]he amount in controversy is measured by the value of the object of the litigation." (internal quotation marks omitted)); *see also Liwanag v. Bank of Am., N.A.*, No. EDCV 14-02605-VAP (KKx), 2015 WL 1884319, at *2 (C.D. Cal. Apr. 24, 2015) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then that property is the object of the litigation.").

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00804-BRO (KK)** | Date | June 21, 2017 |
|---|---|---|---|
| Title | **TERI ANN KAPANOSKE ET AL. V. WELLS FARGO BANK, N.A. ET AL.** | | |

action where the subject property "was assessed at a value of more than $200,000"); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (using the "market value of the property" and determining that the amount in controversy was satisfied in action seeking to prevent foreclosure of the subject property).

In addition, Defendants present evidence that, as of June 2, 2016, Plaintiffs owe approximately $486,655.88 on the underlying loan. (Removal at 7 & Ex. K.) Thus, using the value of the underlying loan, the amount in controversy is satisfied here. *See Thomas v. Wells Fargo Bank, N.A.*, No. 3:15-cv-02344-GPC-JMA, 2016 WL 184405, at *4 (S.D. Cal. Jan. 14, 2016) (determining that the amount-in-controversy requirement was satisfied where the outstanding balance on the underlying loan exceeded $75,000); *Campos v. Wells Fargo Bank, N.A.*, No. EDCV 15-1200 JVS (DTBx), 2015 WL 5145520, at *3 n.1 (C.D. Cal. Aug. 31, 2015) (holding that there was no amount in controversy issue where the value of the underlying loan was $720,000). Therefore, the Court finds that Defendants have established the amount in controversy here by a preponderance of the evidence.

In sum, because the Court finds that the diversity and the amount-in-controversy requirements are satisfied, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants properly removed this matter pursuant to 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand. The hearing set for June 26, 2017, is hereby **VACATED**.

**IT IS SO ORDERED.**                                                                                    :

Initials of Preparer          rf